**04-20471**

**CIV-MORENO**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



MAGISTRATE JUDGE GARBER

| | | |
|---|---|---|
| HECTOR ROSALES, | : | CASE NO. |
| Plaintiff, | : | Magistrate Judge |
| vs. | : | |
| AGUSTIN HERRAN d/b/a GENERAL REAL ESTATE CO., ON TIME CONSTRUCTION, CORP., and KENDALL PARK PLAZA, LTD., | : | |
| Defendants. | : | **FLSA OVERTIME COMPLAINT** |

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "Act"), on behalf of himself and other similarly situated employees to him against Defendants (hereinafter collectively referred to as the "Employer") for overtime violations of the Act.

## A. INTRODUCTION TO THE FLSA CLAIMS

2. Plaintiff worked for the Employer in Miami Dade County, Florida in the position of Handyman as an hourly non-exempt employee. Plaintiff is a covered employee for purposes of the Act.

3. Plaintiff's and the other similarly situated employees' allegations are based on the Employer's failure to pay them overtime. The Act requires that all covered employees be paid overtime pay for work performed after forty hours of work. That the Employer did not do.



## B. THE EMPLOYER

4.  The Employer is subject to the Act. Defendant Agustin Herran and is an individual who owns and controls various businesses, including Defendants On-Time Construction, Corp. and Kendall Park Plaza, Ltd. Defendant Agustin Herran controlled the terms and conditions of Plaintiff's work and was directly responsible for him not being paid in accordance with the Act. The Employer is within the jurisdiction of this Court and, at all times pertinent to this Complaint, was engaged in interstate commerce.

5.  The Employer is and was, during all times hereafter mentioned, engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

## C. VENUE & JURISDICTION

6.  This action is brought by Plaintiff to recover from the Employer compensation for the Employer's overtime violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

7.  Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

## D. PLAINTIFF's EMPLOYMENT

8. Plaintiff worked for the Employer from June 2000 through January 2004.

9. The Employer was required to pay Plaintiff overtime pay of $14.25 for each hour of overtime work. On average, Plaintiff worked 10 hours of overtime per each workweek. As such, based on 150 workweeks, the Employer owed Plaintiff $21,375.00 in unpaid overtime.

10. By reason of such employment with the Employer, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff was directly essential to the those interstate activities described herein which was directly essential to the business performed by the Employer. Plaintiff, by virtue of his job duties and functions as described above, was engaged in commerce.

11. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST THE EMPLOYER

12. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-11 above.

13. Plaintiff and the Hourly Employees worked in excess of forty (40) hours during one or more workweeks and were not paid for such hours at the rate of time and one half of their regular rate of pay.

14. Plaintiff and the Hourly Employees are entitled to be paid at the rate of time and one half for all hours worked in excess of forty (40) per workweek.

15. The Employer knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime compensation by its failure to pay Plaintiff and the Hourly Employees for all their overtime hours in accordance with the FLSA.

16. Plaintiff and the Hourly Employees are entitled to be paid at least time and one half of their "Regular Rate" for each hour worked in excess of forty (40) hours per workweek.

17. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiff and the Hourly Employees suffered damages plus incurring costs and reasonable attorney's fees. As a result of the Employer's willful disregard of the Act, Plaintiff and the Hourly Employees are entitled to liquidated damages in an amount equal to that set forth in ¶ above.

18. Plaintiff demands trial by jury.

4

WHEREFORE, Plaintiff and the Hourly Employees who have or will opt-in to this action demand judgment against the Employer for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek for which they have not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre judgment interest.

Respectfully submitted,

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiff
5040 N.W. 7th St., Suite 920
Miami, FL 33126
Tel (305) 441 1399
Fax (305) 441 9350

By: _____
LAWRENCE J. McGUINNESS
Fla. Bar No. 814611

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Hector Rosales

## DEFENDANTS
Agustin Herran, et al.

MAGISTRATE JUDGE
GARBER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

DADE 04CV20471 FAM/GARBER

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lawrence J. McGuinness, P.A. 5040 NW 37th Ave. Miami FL 33126 (305) 441-1399

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: **DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A or B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. §201 et seq.

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ N/A
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
N/A
JUDGE: _____
DOCKET NUMBER: _____

DATE: 2/27/04
SIGNATURE OF ATTORNEY OF RECORD: _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

$150.00  89740S
03/01/04